# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: September 01, 2015

Mr. Shawn C. Cabot
Christopher Trainor & Associates
9750 Highland Road
White Lake, MI 48386

Ms. Amy Jean DeRouin
Christopher Trainor & Associates
9750 Highland Road
White Lake, MI 48386

Mr. Paul D. Hudson
Miller Canfield
277 S. Rose Street
Suite 5000
Kalamazoo, MI 49007

Mr. Brad H. Sysol
City Attorney's Office
10 N. Division Street
Suite 207
Battle Creek, MI 49017

Re: Case No. 15-1722/15-1852, *Jeff Courtright v. City of Battle Creek, et al*
Originating Case No. : 1:14-cv-01297

Dear Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Amy E. Gigliotti
Case Manager
Direct Dial No. 513-564-7012

cc:  Ms. Tracey Cordes

Enclosure

Nos. 15-1722/1852

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| JEFF COURTRIGHT, )<br>)<br>   Plaintiff-Appellee, )<br>)<br>v. )<br>)<br>CITY OF BATTLE CREEK; CRAIG WOLF and )<br>TODD RATHJEN, in their individual and official )<br>capacities, )<br>)<br>   Defendants-Appellants. ) | **FILED**<br>Sep 01, 2015<br>DEBORAH S. HUNT, Clerk<br><br>O R D E R |

Before: BOGGS, SUHRHEINRICH, and SUTTON, Circuit Judges.

The defendants in this civil-rights action appeal the order denying, in part, their motion to dismiss on grounds including qualified immunity (No. 15-1722). They also appeal the June 23, 2015 order directing that discovery proceed on the plaintiff's claim of municipal liability pending the qualified-immunity appeal (No. 15-1852). The district court denied reconsideration of the June 23 order and directed that the City of Battle Creek respond to interrogatories and document requests by September 3, 2015. The defendants move for a stay of all discovery pending their appeals. The plaintiff supports the motion for a stay.

As a preliminary matter, we note that appellate jurisdiction may be lacking in No. 15-1852. The district court's June 23 discovery order is not a final order or a collateral order appealable under 28 U.S.C. § 1291. *Holt-Orsted v. City of Dickson*, 641 F.3d 230, 236 (6th Cir. 2011); *John B. v. Goetz*, 531 F.3d 448, 458 (6th Cir. 2008); *see also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 114 (2009) ("[W]e conclude that the collateral order doctrine does not

extend to disclosure orders adverse to the attorney-client privilege."). Until our jurisdiction is resolved, we will not address the motion for a stay filed in No. 15-1852.

In No. 15-1722, the defendants maintain that all discovery in the district court must be stayed pending the individual defendants' qualified-immunity appeal. Because qualified immunity is immunity from suit rather than a mere defense to liability, a defendant should not be subjected to discovery prior to a determination of a claim of qualified immunity. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Everson v. Leis*, 556 F.3d 484, 492 (6th Cir. 2009) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 527 (6th Cir. 2002) (holding that the district court was required to address qualified immunity prior to permitting further discovery); *Christophel v. Kukulinsky,* 61 F.3d 479, 484 (6th Cir. 1995) ("Until the threshold immunity question is resolved, discovery should not be allowed.").

In asserting that all discovery must be stayed, the defendants rely on *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. at 236 (Kennedy, J., concurring in judgment)), stating that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Iqbal* rejected the notion that discovery for the officials could be deferred while it proceeded for other defendants. *Id.* at 685–86 (observing that "when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position," and that "[e]ven if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery").

Accordingly, the unopposed motion for a stay of discovery filed in No. 15-1722 is **GRANTED**.

Nos. 15-1722/1852
-3-

The defendants are directed to show cause in writing within fourteen days why No. 15-1852 should not be dismissed for lack of jurisdiction. The briefing schedule set in No. 15-1852 is vacated pending a ruling on jurisdiction. Briefing will continue in No. 15-1722.

                                                ENTERED BY ORDER OF THE COURT

                                                Deborah S. Hunt, Clerk