## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

JEFF COURTRIGHT,

      Plaintiff,

v.                         CASE NO: 1:14 –cv- 1297
                                   HON: ROBERT J. JONKER

CITY OF BATTLE CREEK, CRAIG WOLF,
and TODD RATHJEN, in their individual and
official capacities,

      Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES | CITY OF BATTLE CREEK ATTORNEYS OFC. |
|---|---|
| CHRISTOPHER J. TRAINOR (P42449) | JILL HUMPHREYS STEELE (P53335) |
| SHAWN C. CABOT (P64021) | C. MARCEL STOETZEL, III (P61912) |
| Attorneys for Plaintiff | AMBER L. STRAUB (P80487) |
| 9750 Highland Road | Attorneys for Defendants |
| White Lake, MI  48386 | 10 N. Division Street, Ste. 207 |
| (248) 886-8650 | Battle Creek, MI 49016-1717 |
| shawn.cabot@cjtrainor.com | 269-966-3385 |
| | jhsteele@battlecreekmi.gov |
| | cmstoetzel@battlecreekmi.gov |
| | alstraub@battlecreekmi.gov |

## PLAINTIFF'S MOTION FOR COURT TO REVIEW TAXED COSTS ASSESSED BY CLERK OF THE COURT

      **NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR &

ASSOCIATES, and for his instant Motion states as follows:

1.      The above-captioned matter was a civil rights/police misconduct case alleging violations

of Plaintiff's Fourth Amendment rights.

2.      This case involved an early appeal to the Sixth Circuit Court of Appeals by Defendants and

the case was sent back to this Court to proceed through discovery on the Fourth Amendment

claims.

3.      On December 11, 2017, this Honorable Court entered an Order and Judgment granting

Summary Judgment in favor of Defendant.  **[D/E ##85-86].**

1

4.     On December 15, 2017, Defendant filed a Bill of Costs with the Clerk of the Court, requesting the payment of $2,294.44.  **[D/E #87].**

5.     According to Federal Rule of Civil Procedure ("FRCP") 54(d)(1), "[t]he clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action."

6.     The taxation of costs is governed by FRCP 54(d)(1).  "[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.,* 568 U.S. 371, 377 (2013).  Furthermore, "[T]he discretion that Rule 54(d)(1) gives courts . . . is discretion to decline requests for costs, not discretion to award costs that § 1920 fails to enumerate." *In re Cardizem CD Antitrust Litig.,* 481 F.3d 355, 359 (6th Cir. 2007).

7.     The Court may deny costs to the prevailing party if "it would be inequitable *under all the circumstances* in the case to put the burden of costs upon the losing party." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).

8.     The Sixth Circuit has identified several factors a party may put forward that justify departure from the presumption in favor of a cost award.  *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001).  These factors include "the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Id.*, citing *White*, supra at 539.

9.     Denials of costs are appropriate where the prevailing party's taxable costs are unnecessary or unreasonably large. *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959).

10.    The expenses that a federal court may tax as costs under Rule 54(d) are enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987).

11.     Defendant asked for "Other costs" of $149.96 (which was actually taxed by the Clerk), and which were further detailed as attorney travel expenses (mileage and parking).  Attorney travel expenses are not taxable as costs pursuant to 28 USCS §1920.   Major expenses such as attorney's fees, investigatory services, and most travel and subsistence expense are generally **not recoverable** costs.  *Bats, Inc. v. Vector Pipeline LP*, 222 F.R.D. 356, 357 (N.D. Indiana 2004). *See also  Allison v. City of E. Lansing,* 2005 U.S. Dist. LEXIS 38443, *2-3 (W.D. Mich. 2005), wherein the Court stated that there was no provision in Section 1920 that authorized the Court to tax travel costs associated with the attorney's attendance at court.

12.     The Sixth Circuit has warned that a court should not simply "rubber stamp" a party's photocopying expenses without examining the costs for reasonableness.   Photocopying and printing costs are subject to greater scrutiny than other costs.  *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1152 (6th Cir. 1998).  Defendant has submitted photocopying expenses in the amounts of $120.00 and $99.23 and stated that they made **4,000** copies but have not given any reasonable explanation of needing this high amount of copies.

13.     Furthermore, Plaintiff is not in an economic position to pay any of the costs as taxed herein, and as such, the Court should exercise its discretion and not permit taxed costs in this case.

14.     Plaintiff testified during his deposition that since the year 2000, he has been unemployed and is on SSDI, and as such, has a very limited income.  **(R/E #80-2, Page ID #800).**  Plaintiff also testified that since approximately 2008, he has not had a regular place to call home.  **(R/E #80-2, Page ID # 800, 818).**

15.     Plaintiff requests that this Honorable Court exercise its discretion and not approve of the taxed costs for all the reasons set forth herein; also given Plaintiff's limited sources of income; as well as the fact that the imposition of such costs may chill future litigants from pursuing civil rights

actions for fear of costs being assessed against them. As the Court in *Stanley v. University of S. California*, 178 F.3d 1069, 1080 (9th Cir. 1999) suggested, the imposition of costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area; and that without civil rights litigants willing to test the boundaries of the law, the nation would not have made much of the progress that has occurred over the years.

**WHEREFORE**, Plaintiff respectfully requests that this Court review the clerk's decision to tax costs in favor of Defendant, and make a determination that Defendant's request for costs should be denied.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated: January 8, 2018
*SCC/mms*

## PROOF OF SERVICE

I hereby certify that on January 8, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **all attorneys of record** and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: ***None***.

/s/ Shawn C. Cabot (P64021)
Christopher Trainor & Associates
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

JEFF COURTRIGHT,

     Plaintiff,

v.                           CASE NO: 1:14 –cv- 1297
                               HON.: ROBERT J. JONKER

CITY OF BATTLE CREEK, CRAIG WOLF,
and TODD RATHJEN, in their individual and
official capacities,

     Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | CITY OF BATTLE CREEK ATTORNEYS OFC.<br>JILL HUMPHREYS STEELE (P53335)<br>C. MARCEL STOETZEL, III (P61912)<br>AMBER L. STRAUB (P80487)<br>Attorneys for Defendants<br>10 N. Division Street, Ste. 207<br>Battle Creek, MI 49016-1717<br>269-966-3385<br>jhsteele@battlecreekmi.gov<br>cmstoetzel@battlecreekmi.gov<br>alstraub@battlecreekmi.gov |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR COURT TO REVIEW TAXED COSTS ASSESSED BY CLERK OF THE COURT

Plaintiff hereby relies on the caselaw and arguments set forth in the attached Motion.

                         Respectfully Submitted,
                         CHRISTOPHER TRAINOR & ASSOCIATES

                         **/s/ Shawn C. Cabot**
                         CHRISTOPHER J. TRAINOR (P42449)
                         SHAWN C. CABOT (P64021)
                         Attorneys for Plaintiff
                         9750 Highland Road
                         White Lake, MI 48386
                         (248) 886-8650
                         shawn.cabot@cjtrainor.com

Dated:  January 8, 2018
*SCC/mms*